**ARDEX LABORATORIES, INC., Plaintiff,**

v.

**Anthony B. COOPERIDER, Defendant.**

No. 03–1517.

United States District Court, E.D. Pennsylvania.

May 20, 2004.

Daniel L. Fiore, Reger & Rizzo, LLP, King of Prussia, PA, Francis Joseph Dunn, Jeffrey A. Zucker, Fisher & Zucker LLC, Philadelphia, PA, for Plaintiff.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

On March 11, 2003, plaintiff Ardex Laboratories filed this trademark infringement action against defendant Anthony B. Cooperider. Plaintiff requested attorney fees in its complaint, but did not specify a sum certain. On April 16, 2003, default was entered against defendant. On October 15, 2003, default judgment and a permanent injunction were entered against defendant and plaintiff's motion for attorney's fees was granted. Jennifer Friedrich[1] filed an affidavit in support of the motion, stating that she "mailed a copy of the Order and the Civil Judgment to the defendant on October 15, 2003 via first class mail."[2] On January 14, 2004, plaintiff filed a motion for contempt, claiming that defendant has failed to comply with my order regarding attorney's fees. In addition to a contempt order, plaintiff seeks an order that defendant pay the $4,189.00 originally ordered and $600.00 in sanctions associated with costs and attorney's fees incurred by plaintiff in filing the contempt motion. On February 25, 2004, I ordered defendant to show cause by March 24, 2004 why plaintiff's motion for contempt should not be granted. This order was mailed to defendant by the court. Although defendant was served with the complaint on March 18, 2003, there has never been an entry of appearance for

---

1. Ms. Friedrich has not entered her appearance for plaintiff, but she represents herself in this affidavit as plaintiff's attorney and practices with plaintiff's attorneys of record.

2. It is possible that defendant did not receive a copy of the October 15, 2003 order mailed directly from the court because there is no address for defendant listed on the docket.

defendant, nor any pleadings filed on his behalf.

■ In order to hold a party in civil contempt, plaintiff must establish three elements: (1) that a valid court order existed; (2) that defendant had knowledge of the order; and (3) that defendant disobeyed the order. *Roe v. Operation Rescue,* 919 F.2d 857, 871 (3d Cir.1990). Plaintiff has met the first element because I issued a valid order awarding attorney fees on October 15, 2003. Plaintiff has likely met the second element because (a) Ms. Friedrich's affidavit states that she mailed a copy of the October 15, 2003 judgment order to defendant; and (b) the court clerk mailed a copy of the February 24, 2004 order to show cause to defendant. *See Colonial Beef Co. v. Hardimon,* Civ. A. No. 91–236, 1997 U.S. Dist. LEXIS 15527 at *11–12, 1997 WL 634371 at *4 (E.D.Pa. Oct.7, 1997) (finding that a party could not be held in contempt when there was no evidence that he had received a copy of the order); *Residential Reroofers Local v. Rynk Roofing,* 848 F.Supp. 590, 592 (E.D.Pa.1994) (finding that a party had knowledge of an order when plaintiffs mailed copies of the order and contempt motion to him, and a copy of the order to show cause was served upon a person at the party's address who refused to sign his name.) Plaintiff has met the third element because defendant has failed to pay attorney fees.

■ Although plaintiff may have met this initial burden, there are factors that lead to my refusal to order defendant in contempt. Ordinarily, plaintiff must seek enforcement of an order that awards attorney fees through a writ of execution. "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Fed.R.Civ.P. 69(a); *see also Shuffler v. Heritage Bank,* 720 F.2d 1141, 1147 (9th Cir.1983) ("The proper means ... to secure compliance with a money judgment is to seek a writ of execution, not to obtain a fine of contempt.") Although the language of Rule 69(a) contemplates other means to enforce money judgments, "such other means are confined only to cases in which established principles warrant equitable relief, such as when execution would be an inadequate remedy." Moore's Federal Practice § 69.02 (3d ed.2003) (citing *Hilao v. Marcos,* 95 F.3d 848, 854–855 (9th Cir. 1996).)

Also, in a trademark action, only in "exceptional cases" may the court award reasonable attorney fees to the prevailing party. 15 U.S.C. § 1117(a). The Third Circuit has held that an "exceptional case" must involve culpable conduct, and that examples of such conduct include bad faith, fraud, malice, and knowing infringement. *Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 280 (3d Cir.2000) (finding no abuse of discretion in a district court decision granting attorney fees in a trademark infringement action, where the case involved a "sweeping attempt to beat a financially weaker opponent through the use of vexatious litigation." *Securacomm,* 224 F.3d at 283.) Plaintiff has cited one case in this district where attorney fees were awarded after a default judgment in a trademark infringement action. *Choice Hotels Int'l, Inc. v. Pennave Assocs.,* 159 F.Supp.2d 780 (E.D.Pa.2001). In that case, however, attorney fees were awarded only after a trial to determine damages, which provided the court with evidence that defendant's conduct "constitute[d] knowing and willful infringement on plaintiff's marks." *Id.* at 786. In the instant case, there is no evidence before me that defendant's behavior should be considered "culpable conduct," or that this case should be considered "exceptional".

■ · Furthermore, "[a] finding of contempt ... must satisfy due process requirements." *Newton v. A.C. & S.*, 918 F.2d 1121, 1127 (3d Cir.1990). "Due process requires that a potential contemnor be given notice and a hearing regardless of whether the contempt is civil or criminal in nature." *Id.* There has been no hearing in this case, nor has plaintiff requested a hearing.[3]

Finally, plaintiff did not request a sum certain for attorney fees in its complaint.

■ Although Fed.R.Civ.P. 69(a) gives me discretionary power to enforce a judgment through contempt proceedings, I decline to do so for all of the above reasons. (1) In this case, plaintiff may seek relief through a writ of execution; (2) this case is not "exceptional" within the meaning of 15 U.S.C. § 1117(a); (3) defendant has not received due process, and (4) plaintiff did not specify a sum certain for attorney fees in its complaint. The only appropriate course for plaintiff to recover attorney's fees is a writ of execution.

### ORDER

**AND NOW,** this 20th day of May, 2004, plaintiff's motion for contempt (Docket # 9) is **DENIED.**

---

3. Plaintiff cites one decision from this district wherein an attorney was adjudged in civil contempt for failure to comply with a court order to pay $4000.00 in attorney's fees for pursuing a frivolous lawsuit. *Loftus v. South-eastern Pennsylvania Transp. Auth.*, 8 F.Supp.2d 464, 466 (E.D.Pa.1998). In *Loftus,* the court only found the party in contempt after comporting with due process by providing notice and a hearing.